(59 App. Div. 568.)

### SHAW v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

JUDGMENT—VACATING DEFAULT—DEFENSE.

An award for damages for change of grade was assigned by the owner of the property to plaintiff, who filed his assignment with the city comptroller two days after notice of claim to the award by the assignee of a deficiency judgment obtained on foreclosure against the owner. Plaintiff protested against payment of the award to the assignee of the deficiency judgment, and sued the city therefor, and the city defaulted. *Held*, that it was a debatable question whether plaintiff could recover, and hence it could not be said that the city had no defense, thus preventing it from having the default set aside.

Appeal from special term, New York county.

Action by John C. Shaw against the city of New York. From an order denying a motion to open default, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

George Landon, for appellant.
John C. Shaw, in pro. per.

PER CURIAM. The defendant appeals from an order denying its motion to open a default in this action, taken upon the failure of the defendant to answer the complaint. The ground upon which the motion was made is that a clerk employed in the office of the corporation counsel of the city of New York failed to make a proper entry in a diary of the date at which the time to answer expired, and therefore the default was the result of inadvertence. The motion was opposed on various grounds; among others, the neglect of the city in moving in time. The action was begun on the 22d of August, 1900, and the judgment was entered November 20, 1900. The motion to open the default was made upon an order to show cause granted on January 29, 1901. We do not think it can be said, under the circumstances disclosed in the moving papers, that the delay of the city in applying to vacate the judgment and to be permitted to answer constitutes such laches as should deprive it of a right to relief. A more serious objection urged to the motion is that the city has really no defense to the plaintiff's claim; but upon an examination of the record before us we think there is a debatable question as to the plaintiff's clear right to recover upon his demand. He is the assignee of one Flynn of an award for damages for change of grade of real property in the city of New York. The award was made while Flynn was the owner of the property, and he assigned the claim to the plaintiff in December, 1898, but that assignment was not filed in the office of the comptroller of the city of New York until the 27th of July, 1899. There was a mortgage upon Flynn's property, which was foreclosed, and a deficiency judgment was entered against him, which deficiency judgment was purchased by one Margaret A. Kiernan, who claimed the award as belonging to her; and she, on the 25th of July, 1899, filed a notice of her claim with the comptroller, and demanded payment

of the award. On the 18th of October, 1899, she filed an amended claim, and on December 19, 1899, the plaintiff filed a demand for the payment of the award by virtue of the assignment to him. On the 2d of April, 1900, one Catherine A. Kelly, as assignee of Kiernan, filed with the comptroller a writing, in which she protested against the payment of the award to Flynn, or to any other person claiming to be the assignee of Flynn; and she sued the city for the amount of the award, making Shaw, the plaintiff here, a party. An answer was put in by the city to that action, which is now pending. In August, 1900, the plaintiff began this action, in which the defendant desires to set up the rival claims of Catherine Kelly and the plaintiff, and that it is unable to determine to whom the award should be made, and cannot, with safety, pay it to either of the parties, and it professes its willingness to pay the amount of the award into court upon being relieved of liability to the plaintiff and Catherine Kelly. We do not think it proper at this stage of the action to pass upon the question of the plaintiff's right to the award as founded upon the contention that such award belonged to the owner of the property at the time it was made, and is to be regarded as personal property. The Kelly claim is not a frivolous one, and the merits of the controversy cannot be determined upon this motion. We are of opinion, therefore, that the order should be reversed, and the motion granted upon the payment of the taxed costs included in the judgment. No costs upon this appeal.